

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ASTRID BRENNAN BELL | § | |
| Plaintiff, | § | |
| | § | Case No.: _____ |
| v. | § | |
| | § | |
| UNIFUND CCR PARTNERS; | § | |
| | § | COMPLAINT AND JURY DEMAND |
| CREDIT CARD RECEIVABLES FUND | § | |
| INCORPORATED; | § | |
| | § | |
| ZB LIMITED PARTNERSHIP; | § | |
| and | § | |
| REGENT & ASSOCIATES, L.L.P. | § | |
| | § | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, ASTRID BRENNAN BELL ("Bell") brings suit against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq*., the Texas debt collection act, Ch. 392 Tex. Fin. C., and for other violations.

### A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, ("F.D.C.P.A.") 15 U.S.C. 1692, et seq., and the Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq*. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. and the F.C.R.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims state law claims Plaintiff because said claims are so related to the claims within the Court's original

jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.  Plaintiff ASTRID BRENNAN BELL is an individual residing at 11429 Viridian Way, Austin, TX 78739.

3.  Defendant UNIFUND CCR PARTNERS ("Unifund") a foreign general partnership organized and existing under the laws of the State of Ohio. According to its filings with the Ohio Secretary of State, Unifund CCR Partners is a general partnership whose registered agent is "Unifund CCR Partners" and whose business address is 10625 Techwoods Circle, Cincinnati, OH 45242. Defendant UNIFUND CCR PARTNERS may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because said Defendant engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process, and this suit arose out of said Defendant's business in Texas. Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. The Texas Secretary of State may also forward a copy of the citation and petition of this cause to Unifund CCR Partners, 10625 Techwoods Circle, Cincinnati, OH 45242.

4.  The Court has jurisdiction over Defendant Unifund, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that form the basis of the other claims brought by way of this complaint.

5.   Defendant CREDIT CARD RECEIVABLES FUND INCORPORATED ("Credit Card Receivables") is a foreign corporation organized and existing in the state of Ohio with its principle place of business at 10625 Techwoods Circle, Cincinnati, OH 45242.   Defendant Credit Card Receivables may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because said Defendant engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process, and this suit arose out of said Defendant's business in Texas.   Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. The Texas Secretary of State may also forward a copy of the citation and petition of this cause to CREDIT CARD RECEIVABLES FUND INCORPORATED, 10625 Techwoods Circle, Cincinnati, OH 45242.

6.     Credit Card Receivables is a general partner of Unifund and, as such, is liable for all claims that may be brought against Unifund. For purposes of brevity, when this complaint brings a claim against Unifund it is meant to apply equally to Credit Card Receivables.

7.     The Court has jurisdiction over Defendant Credit Card Receivables, a nonresident corporation. Credit Card Receivables has purposefully availed itself of the privileges and benefits of conducting business in Texas by and through its general partnership Unifund. Credit Card Receivables, by and through Unifund, engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that form the basis of the other claims brought by way of this complaint.

8.   Defendant ZB LIMITED PARTNERSHIP ("ZB Limited") is a foreign partnership organized and existing in the state of Delaware.   Said Defendable may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because

said Defendant engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process, and this suit arose out of said Defendant's business in Texas. Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. The Texas Secretary of State may also forward a copy of the citation and petition of this cause to ZB LIMITED PARTNERSHIP c/o The Prentice-Hall Corporation System Inc., 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

9.      ZB Limited is a general partner of Unifund and, as such, is liable for all claims that may be brought against Unifund. For purposes of brevity, when this complaint brings a claim against Unifund it is meant to apply equally to ZB Limited

10.     The Court has jurisdiction over ZB Limited, a nonresident corporation. ZB Limited has purposefully availed itself of the privileges and benefits of conducting business in Texas by and through its general partnership Unifund. ZB Limited, by and through Unifund, engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that form the basis of the other claims brought by way of this complaint.

11.     Defendant REGENT & ASSOCIATES, L.L.P. is a professional limited liability partnership organized and existing under the laws of the State of Texas, with a principal place of business at 2650 Fountainview, Suite 233, Houston, TX 77057. Said Defendant may be served by and through its registered agent Anh H. Regent, 2650 Fountainview, Suite 410, Houston, TX 77057.

12.     Venue is proper in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Travis County, Texas.

13. All conditions precedent necessary to maintain this action have been performed or have occurred.

### D.   STATEMENT OF FACTS

14.  On or about December 12, 2006 Defendant Regent, on behalf of its client Unifund, filed suit against Plaintiff Astrid Brennan in Cause No. C-1-CV-06-008310, Unifund CCR Partners v. Astrid Brennan, Travis County Court at Law # 2, Travis County ("the state court action").

15.  Unifund and Regent filed suit for claims that were barred by the statute of limitations.

16.  On information and belief, when filing suit both Unifund and Regent knew, had reason to know, or failed to determine that some or all of the claims they brought were barred by the statute of limitations. This is especially true after Bell put them on actual notice that their claims were barred by the statute of limitations.

17.  In the alternative, also on information and belief, Unifund failed to disclose to Regent that Unifund knew, had reason to know, or failed to determine that some or all of the claims they brought were barred by the statute of limitations.

18.  In the second alternative, also on information and belief, Regent failed to disclose to Unifund that Regent knew, had reason to know, or failed to determine that some or all of the claims they brought were barred by the statute of limitations.

19.  In the state court action, Unifund and Regent made demand for attorney's fees and pre-judgment interest for claims of "quantum meruit/ unjust enrichment" when such remedies are not authorized under Texas law.

20.   On or about January 5, 2007 Defendant Regent, on behalf of its client Unifund, Plaintiff filed or had its agent file a return of citation in the underlying action that contained a false affidavit. In the return, private process server Jonas Parten averred that he had personally delivered a copy of the petition to Defendant on January 2, 2007 at 8917 Colberg Dr., Austin, TX 78749. This is not true.

21.   Bell was never served a copy of the original petition in the state court action.

22.   Plaintiff filed a motion for default judgment on or about April 5, 2007 and in support thereof referenced the false affidavit of service in support.

23.   The Court signed the "Final Default Judgment" on April 17, 2007. The judgment was filed with the clerk on April 24, 2007 and shortly thereafter the clerk sent Bell a notice of default judgment.

24.   The default judgment submitted by Unifund and Regent and signed by the Court sought amounts not authorized by law and, indeed, amounts not authorized by their own pleadings.

25.   The default judgment double counted interest for the month of March 2006 according the very pleadings of Regent and Unifund.

26.   The "Unifund Statement" attached to the Original Petition represented that on March 28, 2006 the "balance due," which by its terms would include prejudgment interest, was $6,495.92.

27.   However, the default judgment stated a "principal balance" of $6,495.92 plus prejudgment interest from March 1, 2006 through the date of judgment.

28.   Therefore, Unifund and Regent inflated the amount of the debt by double counting the

prejudgment interest for the month of March 2006.

29.   The "Unifund Statement" attached to the Original Petition represented that the debt was accruing prejudgment interest at a rate of 6 % per year. The Affidavit of Indebtedness attached to the Original Petition averred that, "By the terms of the agreement between the defendant and the original creditor, interest is accruing from the aforementioned date at a rate of 6.00 percent per annum."

30.   However, the default judgment proposed by Unifund and Regent and signed by the court sought an 18 percent post-judgment interest rate on the principal amount of the debt.

31.   Unifund and Regent sought an amount in post-judgment interest not authorized by law. Tex. Fin. C. § 304.003 limits post-judgment interest in a breach of contract suit to the contract interest rate or 18 percent, whichever is *less*.

32.   Therefore, looking no further than the four corners of their own pleadings in the state court action, Unifund and Regent were prohibited from seeking or obtaining a post judgment interest rate of 6%, the rate of prejudgment interest.

33.   In the alternative, the post-judgment interest rate should have been limited to 8.25%, the post-judgment interest rate listed by the Office of the Consumer Credit Commissioner for the months of March and April 2007 for judgments generally.

34.   Shortly after receiving notice of the default judgment Bell retained an attorney and incurred attorneys fees in an attempt to vacate the fraudulently induced default judgment.

35.   On or about March 11, 2007 Bell filed and served a motion for new trial.  The motion

included an affidavit of Bell swearing that she was never served with suit.

36.   Unifund, by and through Regent, opposed the motion for new trial and a hearing was had.

37.   On information and belief neither Unifund nor Regent contacted the process server prior to the hearing on the motion for new trial to check whether the process server actually served the petition on Bell.

38.   By opposing the motion for new trial Unifund and Regent ratified the wrongful act of the process server in falsely swearing that he served the lawsuit on Bell when he did not.

39.   On June 1, 2007 the Court granted Bell's motion for new trial and vacated the default judgment.

40.   On or about March 11, 2007 Bell filed and served an answer and affirmative defense that the claims of Unifund and Regent were barred by the statute of limitations.

41.   Despite receiving notice that their claims may have been barred by the statute of limitations, on information and belief neither Unifund nor Regent took any action to determine whether their claims were actually barred by the statute of limitations..

42.   The April 17, 2007 default judgment was reported on Bell's credit report despite the judgment being vacated on June 1, 2007.

43.   On information and belief Regent never informed Unifund that the default judgment was vacated, or, in the alternative, Unifund in fact knew that the default judgment was vacated.

44.   On information and belief Unifund and/or Regent reported or had reported to the credit

reporting agencies that a default judgment had been rendered against Bell when in fact that default judgment was vacated.

45.   Bell disputed the default judgment with the credit reporting agencies.

46.   On information and belief the credit reporting agencies contacted Unifund and/or Regent to verify the default judgment.

47.   On information and belief Unifund contacted Regent to determine whether the default judgment reported on Bell's credit report was accurate and Regent indicated that it was accurate.

48.   On information and belief Unifund and/or verified the default judgment even though the default judgment was vacated.

### E.   COUNT # 1: Violations of the federal Fair Debt Collection Practices Act

49.   Plaintiff incorporates by referent the above statement of facts.

50.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

51.   Unifund and Regent are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

52.   The obligation alleged by Unifund and Regent in the state court action is a "debt" as defined by 15 U.S.C. § 1692a(5).

53.   Bell brings these F.D.C.P.A. claims as a "private attorney general" acting in the in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection

abuses will be enforcing compliance.").

54.   Unifund and Regent violated the following sections of the Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the character, status, and amount of the debt; making a false, deceptive, or misleading representation or means in connection with debt collection; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; attempting to collect an amount not permitted by law; and using a unfair or unconscionable means to collect or attempt to collect an alleged debt.

55.   Plaintiff seeks attorney's fees, costs, actual damages and statutory damages of $1,000.00 for these violations on the federal act.

### F.   COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

56.   Plaintiff incorporates by referent the above statement of facts.

57. Plaintiff is a "consumer" as that term is defined by Tex. Fin. C. § 392.001(1).

58. Unifund and Regent are each a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

59. The obligation alleged by Unifund and Regent in the state court action is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

60.   Unifund and Regent violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation Unifund and Regent have violated the statute by

misrepresenting the character, status, and amount of the debt; making a false, deceptive, or misleading representation or means in connection with the debt collection; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; attempting to collect an amount, including interest, not authorized by law; and by using a unfair or unconscionable means to collect or attempt to collect an alleged debt.

61. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 *per violation*, and mandatory attorney's fees and cost, and these are so sought. Bell also seeks a permanent injunction to prohibit Unifund and Regent from again violating the debt collection statutes.

### **G.    COUNT # 3: Tort of unfair debt collection.**

62.   Plaintiff incorporates by referent the above statement of facts.

63.   The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages, and are so sought. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

### **H.    COUNT #4: Violation of the Fair Credit Reporting Act..**

64.   Plaintiff incorporates by referent the above statement of facts.

65. Unifund and Regent violated the Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq*.  Without limitation, Unifund and Regent violated the F.C.R.A. by willfully or, in the alternatively negligently verifying the amount and status of the debt in violation of 15 U.S.C. § 1681s-2(b). Unifund and Regent are liable for actual damages, statutory damages, punitive damages and attorney's fees for its F.C.R.A. violations.

66. Unifund and Regent violated 15 U.S.C. § 1681i(a) by failing to correct or delete inaccurate information in the Bell's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Bell's credit file.

67. Unifund and Regent communicated factual misrepresentation regarding Bell's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, and promotional inquiries from prospective creditors seeking to determine if they should send Ms. Bell credit particular credit offers. Unifund and Regent's false statements of Bell's are libel per se. These statements made it more difficult for Bell to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Unifund and Regent's factual misrepresentations.

68. The conduct, action and inaction of Unifund and Regent was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Bell to recover pursuant to 15 U.S.C. § 1681o.

69. The Plaintiff is entitled to recover costs and attorney's fees from Unifund and Regent in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## I.    COUNT #5: Libel

70.   Plaintiff incorporates by referent the above statement of facts.

71.   Unifund and Regent committed the tort of liable against Plaintiff. Unifund and Regent's communicated factual misrepresentation regarding Bell's credit worthiness to the credit reporting

agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, if any, and promotional inquiries from prospective creditors seeking to determine if they should send Ms. Bell credit particular credit offers. Unifund and Regent's false statements of Bell's are libel per se. These statements made it more difficult for Bell to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Unifund and Regent's factual misrepresentations. In the alternative, if Unifund and Regent made any of the statements in a manner other than in writing, Bell brings these claims as slander. Plaintiff seeks strict liability damages, actual, exemplary and punitive damages for these violations.

### J.    COUNT #6: Providing false credit information in violation of Tex. Fin. C. § 391.001 et seq.

72.   Plaintiff incorporates by referent the above statement of facts.

73.   Unifund and Regent violation Tex. Fin. C. § 391.001 *et seq* by furnishing false credit information. Unifund and Regent furnished false information about Bell's creditworthiness, credit standing, or credit capacity to a credit reporting agency in violation of Tex. Fin. C. § 391.002. Unifund and Regent is liable for statutory damages of $200.00 per violation, actual damages, exemplary and punitive damages, and attorney's fees and costs for its actions.

### K.    COUNT # 7: Equitable relief sought under the D.T.P.A.

74.   Plaintiff incorporates by referent the above statement of facts.

75.   Bell seeks equitable relief under the D.T.P.A., which do not require presuit notice. The equitable relief sought includes profit disgorgement, fee forfeiture, and the issuance of a permanent injunction barring Unifund and Regent from again committing the acts that form the

basis of its liability in this suit. Bell need not show actual damages in order to obtain said equitable relief. <u>Kinzbach Tool Co. v. Corbett-Wallace Corp.</u>, 160 S.W.2d 509, 514 (Tex. 1942); <u>Watson v. Limited Partners of WCKT, Ltd.</u>, 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); <u>Russell v. Truitt</u>, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); <u>see</u> <u>also</u> Restatement (Second) of Agency § 399 (1958) (listing remedies).

76. Regent and Unifund violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a). Scienter is not a prerequisite for D.T.P.A. liability, although knowledge here is clear.

77. The actions of Regent and Unifund also constitute an "unconscionable action or course of action" which, to Bell's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Bell to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

78. This petition serves as written notice of Bell's intention to amend suit 60 days from receipt by Defendants to add claims for economic damages. Damages are estimated as the value of the work of Bell's attorney in the prior state court proceedings, estimated at this time at $6,500.00; plus harm to Bell's credit reputation in an amount to be determined by the trier of fact. Additional attorney's fees and costs are estimated at $5,500.00, and are so sought.

79. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d).

## L.    COUNT # 8: Fraud.

80. Plaintiff incorporates the above statement of facts by reference.

81. Regent and Unifund made material and false representations When Regent and Unifund made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Regent and Unifund made the representations with the intent that they be acted upon. The representations were in fact acted upon causing Bell injury.  See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Bell seeks exemplary and punitive damages for these acts.

## M.    COUNT # 9: Intentional misrepresentation.

82. Plaintiff incorporates the above statement of facts by reference.

83. Regent and Unifund made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. The misrepresentations of Regent and Unifund were relied upon, damaging Bell. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Bell seeks exemplary and punitive damages for these acts.

## N.    COUNT # 10: Negligence & gross negligence, including negligent misrepresentation.

84. Plaintiff incorporates the above statement of facts by reference.

- 15 -

85. Regent and Unifund owed a legal duty to Bell.  Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others.  Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—Austin 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). Regent and Unifund breached their legal duty, and the breach proximately causing Bell harm.  Regent and Unifund is also liable for negligent hiring, training, supervision or retention of competent employees. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Bell brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Bell seeks exemplary and punitive damages for these acts.

## O.    COUNT # 11: Declaratory and injunctive relief.

86.   Plaintiff incorporates the above statement of facts by reference.

87.   Bell seeks declaratory relief that Regent and Unifund committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims. C.P.R.C. § 37.004(a).  Bell seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Plaintiff seeks attorney's fees, costs, actual damages, exemplary and punitive damages. Bell also seeks declaratory and injunctive relief to enjoin Unifund and/or Regent to correct their misreporting of Bell's credit worthiness to the credit reporting agencies.

## P.    JURY DEMAND.

88.   Bell demands a jury trial.

## Q.   PRAYER

89.   For these reasons, Bell asks for judgment against Regent, Unifund, Credit Card Receivables and ZB Limited for the following:

i.    The above referenced relief requested;

ii.   Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.); $100 per violation pursuant to Tex. Fin. C.  § 392.403(e) (Texas debt collection act); statutory and punitive damages pursuant to the F.C.R.A.; statutory damages of $200.00 per violation of the Tex. Fin. C. § 391.001 *et seq.*

iii.  Actual and economic damages within the jurisdictional limits of the court;

iv.   Attorney fees and costs of court;

v.    Exemplary and punitive damages;

vi.   Prejudgment and post-judgment interest as allowed by law;

vii.  Costs of suit;

viii. General relief;

ix.   An injunction prevent similar unlawful conduct now and in the future;

x.    injunctive relief to enjoin Unifund and/or Regent to correct their misreporting of Bell's credit worthiness to the credit reporting agencies.

xi.   All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

Ahmad Keshavarz

- 17 -

Attorney for Plaintiff

State of Texas Bar Number: 24012957

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 766-8376
Fax:    (877) 496-7809
Email: ahmad@AustinConsumerAttorney.com